By the Court. Oakley, Ch. J.
The question is, whether *361 the defendants, having advanced their money in good faith to Esenwein, upon the pledge of the stocks, are entitled to retain them, until the balance still due to them shall be satisfied, and we are clearly of opinion that they are so entitled, both in law and in equity. ' «
As each certificate was accompanied by a power of attorney which was expressed to be given for value received, and, on its face, was irrevocable, the defendants were fully justified in believing that Esenwein was the equitable owner of the shares, and had a perfect right to make an absolute or conditional transfer, to sell, or hypothecate them. Such a certificate annexed to or accompanying a blank power of attorney, we cannot doubt, not only according to the understanding of men in business, but upon well settled principles of law, passes by delivery an equitable title to a bond, fide purchaser; nor can such purchaser be justly prevented from converting his equitable into a legal title, by filling up and exercising the power, whenever he is entitled to do so by the nature or terms of the contract under which the certificates were delivered to him. Where the stock is sold absolutely, his. right thus to perfect his title is immediate ; where it is hypothecated, the right accrues when the debt meant to be secured becomes due and remains unpaid. Whether in the present case the powers of attorney were filled up before the plaintiffs made their tender, and demanded a return of the certificates, is, in our judgment, wholly immaterial. Fo tender short of the whole debt due to the defendants, could deprive them of their right to use the powers for the purpose for which they received them.
It was admitted by the counsel for the plaintiffs, that had the stocks been sold absolutely to the defendants, their title to retain them could not be questioned, but we cannot admit the distinction between a sale and a pledge which the counsel urged us to adopt. As the certificates and powers in the hands of Esenwein were presumptive evidence of his ownership, he had the same apparent right and authority to hypothecate the stocks, as to sell them.
There is no rule of law of which the equity is more manifest, or which is better sustained by reasons of public policy, than that which casts a loss, resulting from the fraud of a third per *362 son, upon the party who by employing and trusting such person enabled him to commit it (White v. Springfield Bank, 3 Sandford, 229, and eases there cited). And we doubt whether a case is to be found' in the books to which it is more evident that the rule ought to be applied. Had the plaintiffs placed their notes and certificates, with an ordinary power of transfer, in the hands of Esenwein merely as their agent, and broker, with instructions 'to procure upon them, in his own name, but upon their account; a loan of $5,000 ; and had Esenwein, after obtaining such a loan from the defendants, converted the whole sum to his own yse, it cannot for a moment be doubted, that a loss resulting from his subsequent flight or insolvency, must have been borne wholly by the plaintiffs. It will not be pretended that in such a case they could have claimed a return of the stocks, upon any other terms than the full payment of tire debt for which they were pledged.- The case before us not only rests upon the same principle, but is far stronger in its circumstances. Here Esenwein was not a mere agent, but a holder for value. The papers placed in his hands were evidence, not only of his authority, but of his ownership, and the plaintiffs have received from him $3,000 of the $5,000 which the defendants "advanced. It is with far less reason therefore that the plaintiffs can apply to a court of justice, to be relieved, at the expense of the defendants, from the consequences of the fraud, which, by their misplaced confidence, they enabled Esenwein to commit.
As we do not found our decision at all upon the usage that was proved upon the trial, it is unnecessary to say whether in our opinion the evidence was properly admitted. It may be considered as stricken fromthe case.
The verdict for the plaintiff must be set aside, and a verdict and judgment thereon, with costs, be entered fort the defendants.